UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PAUL M. BATES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-0506** |
| **N. BURL CAIN, WARDEN** | **SECTION "N"(4)** |

## ORDER AND REASONS

Before the Court is a **Motion to Expand the Record (Rec. Doc. No. 12)** filed by the *pro se* petitioner, Paul M. Bates, related to his petition for issuance of a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his second degree murder conviction. Bates requests that the Court obtain the mental health records of the murder victim and conduct a hearing on the sufficiency of the evidence to support the second degree murder guilty verdict in light of those records.

Pursuant to 28 U.S.C. § 2254(e)(2), the decision of whether to hold an evidentiary hearing is a statutorily mandated determination limited by the provisions of § 2254(e)(2), *Cullen v. Pinholster*, 131 S.Ct. 1388, 1400-01 (2011), which provides as follows:

> (2)  If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
> (A)  the claim relies on--
> (i)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii)  a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B)   the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Bates has not met this burden or presented any basis in his motion for this Court to hold an evidentiary hearing to re-evaluate the jury's factual determinations leading to the verdict. That is not within the province of this Court's habeas review. Bates also has not alleged or shown that the state court record will be insufficient to address his petition and claims.

Furthermore, this Court's review is directed to and limited by the record considered by the state courts in addressing his claims. *See Cullen*, 131 S.Ct. at 1400; *Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011). In other words, this Court does not consider evidentiary materials not already presented to the state courts for their review. Thus, the mental health records of the murder victim not already a part of the state court record would not be properly before this Court.

Furthermore, the State's opposition response (Rec. Doc. No. 11) raises procedural defenses, including the untimeliness of the federal petition and procedural default of the claims. At this juncture, the record does not demonstrate a need for the Court to obtain the victim's mental health records or to hold an evidentiary hearing where the merits of the claim may not be addressed. Bates has failed to meet the heavy burden of proving his entitlement to either. Accordingly,

**IT IS ORDERED** that Bates's **Motion to Expand the Record (Rec. Doc. No. 12)** is **DENIED**.

New Orleans, Louisiana, this  22nd  day of May, 2013.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**